IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| KENNETH MELVIN STERLING, III, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | CASE NO. 3:13-CV-149-CAR |
| | : | |
| REED NEWLAND, | : | |
| | : | |
| Defendant. | : | |

## ORDER

On December 30, 2013, the Court received from Plaintiff Kenneth Sterling a "Petition for Interlocutory Injunctive Relief" while he was confined as a pre-trial detainee at the Athens-Clarke County Jail.[1] (Doc. 1.) Plaintiff also filed a motion to proceed without the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Plaintiff's motion to proceed *in forma pauperis* was granted[2] and Plaintiff was directed to file an amended complaint using the standard §1983 forms. Plaintiff filed an amended petition on March 21, 2014, but a review of the amended petition reveals it is simply a second copy of Plaintiff's original pleading. (Docs. 9, 10.) This court construes

---

[1] Plaintiff was released on bond from the Athens-Clarke County Jail at some point prior to January 21, 2014. (Doc. 7.)

[2] Even though Plaintiff has been released from custody, he shall remain obligated to pay any remaining balance due of the above filing fee; Plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from Plaintiff of any balance due by any means permitted by law is hereby authorized in the event Plaintiff fails to remit payments.

Plaintiff's pleading as a complaint under 42 U.S.C. § 1983,[3] and, as such, Plaintiff's complaint is subject to preliminary review under 28 U.S.C. § 1915A.

### DISCUSSION

### I. Background

Turning to the facts alleged in the petition, Plaintiff seeks injunctive relief against Athens-Clarke County Assistant District Attorney Reed Newland. The original petition, as well as Plaintiff's Amended petition (Docs. 9, 10), alleges that Newland "has undertaken proceedings on behalf of the state of Georgia which are without probable cause and motivated by bad faith involving constructive fraud, malfeasance, and willful designs to mislead and deceive the Superior Court of Georgia." The petitions then delve into the history behind the criminal allegations, specifically charges of terroristic threats, which were made against Plaintiff. It appears that the relief Plaintiff seeks is a dismissal of the charges against him.

### II. Standard of Review

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," this Court is required to conduct a preliminary screening of his Complaint. *See* 28 U.S.C. § 1915A(a). In so doing, the district court must accept all factual allegations in the Complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings, like the one in this case, are also "held to a less stringent standard than pleadings drafted by attorneys and

---

[3] "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Trawinski v. United Technologies*, 313 F.3d 1295, 1297 (11th Cir.2002).

will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Even so, a district court must dismiss a prisoner complaint after the initial review if: (1) it is "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b); *see also* 28 U.S.C. §1915(e)(2)(B) (requiring the same of pleadings filed parties proceeding *in forma pauperis*).

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A complaint is thus properly dismissed by the district court *sua sponte* if it is found to be "without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

When determining whether a complaint fails to state a claim, the Court must accept as true all facts set forth in the plaintiff's complaint and limit its consideration to the pleadings and exhibits attached thereto. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *see also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008) ("The standards governing dismissal under Rule 12(b)(6) apply to § 1915(e)(2)(b)(ii)."). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do[.]" *Id.* Although the

complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims, *id.* at 556, a complaint should not be dismissed "simply because 'it strikes a savvy judge that actual proof of those facts is improbable,'" *Watts v. Fla. Int'l Univ.,* 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly,* 550 U.S. at 556).

To state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming court's dismissal of a §1983 complaint because factual allegations were insufficient to support alleged constitutional violation). *See also* 28 U.S.C. 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

## III.   Analysis

"[P]rosecutors are absolutely immune from liability in § 1983 lawsuits" brought for actions "that are intimately associated with the judicial phase of the criminal process." *Van de Kamp v. Goldstein*, 555 U.S. 335, 129 S. Ct. 855, 860 (2009) (internal quotation marks and citations omitted). Actions which entitle the prosecutor to absolute immunity include those in which "a prosecutor prepares to initiate a judicial proceeding, or appears

4

in court to present evidence in support of a search warrant application." *Van de Kamp*, 129 S. Ct. at 861. Prosecutors, however, are not immune from claims for declaratory and injunctive relief. *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000). To state a claim for declaratory or injunctive relief, a plaintiff must allege (1) the violation of a right, (2) that there is a serious risk of continuing irreparable injury if relief is not granted, and (3) that no adequate remedy at law exists. *See id.* Plaintiff's petition does not satisfy these pre-requisites. There is an adequate remedy at law for the violations alleged. Plaintiff may file an appropriate motion in his criminal case or petition for writ of habeas corpus in state or federal court. *See* O.C.G.A. § 9-14-1(a) ("Any person restrained of his liberty under any pretext whatsoever, except under sentence of a state court of record, may seek a writ of habeas corpus to inquire into the legality of the restraint."); *See also*, O.C.G.A. § 9-6-20 (providing for a "writ of mandamus . . . to compel a due performance if there is no other specific legal remedy for the legal rights"). As such, all claims against Defendant Newland should be dismissed.

Furthermore, even if Plaintiff's allegations are true, this Court cannot provide him any relief. Because Plaintiff's criminal prosecution is ongoing, the Supreme Court's decision in *Younger v. Harris*, 401 U.S. 37 (1971) requires that this Court abstain from interfering with those proceedings. Specifically, the Supreme Court stated that federal courts "should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." *Younger,* 401 U.S. at 43-44. Exceptions to *Younger* are made in only three circumstances: "(1) there is evidence of state proceedings motivated

by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised." *Id.* at 45.

In the present case, Plaintiff summarily alleges that Defendant Newland is prosecuting him for terroristic threats in bad faith. Plaintiff, however, fails to make any specific allegations supporting his conclusory statements. The argument in support of Plaintiff's claims is merely that Defendant Newland refuses to see the evidence as Plaintiff does and has "manufactured fictions designed to asperse the Plaintiff's character and standing." (Am. Compl. 2.). Further, Plaintiff has failed to allege facts sufficient to justify this Court's intervention under the other exceptions to *Younger*. There is no indication that Plaintiff will suffer an irreparable injury, and he can certainly raise his constitutional claims in state court. *See* O.C.G.A. § 9–14–1(a) ("Any person restrained of his liberty ..., except under sentence of a state court of record, may seek a writ of habeas corpus to inquire into the legality of the restraint."); *Pope v. Apple*, 2011 WL 4889089 at * 2 (S.D. Ga. Sept. 16, 2011) (Georgia law allows "pretrial detainees to raise . . . these types of claims either during state criminal proceedings or collaterally in a state habeas corpus action."). Therefore, Plaintiff's claims must be dismissed.

Plaintiff also has pending a Motion for Subpoena to Produce Case File and all Transcripts of Pleadings. (Doc. 3.) Because the Court is dismissing Plaintiff's complaint, this motion is **DISMISSED as moot**.

## CONCLUSION

Having conducted a preliminary review of Plaintiff's Complaint, as required by 29 U.S.C. § 1915A(a), the Court finds that Plaintiff's complaint against the Defendant

should be **DISMISSED.** For purposes of the three strikes provision of the Prison Litigation Reform Act (PLRA), the Court determines that its decision in this case is a strike against Plaintiff. *See* 28 U.S.C. § 1915(g) (Counting as strikes any action or appeal in federal court "that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.").

    **SO ORDERED**, this 23rd day of April, 2014.

    S/ C. Ashley Royal
    C. ASHLEY ROYAL
    UNITED STATES DISTRICT JUDGE

lws